UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. FRASCO,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 07-621 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

James Frasco filed this action on May 23, 2007.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on June 20 and July 27, 2007.  On January 29, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue.  The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the Commissioner's decision.

///
///
///
///

I.

## PROCEDURAL BACKGROUND

On October 6, 2004, Frasco filed an application for disability insurance benefits, which the Commissioner initially denied. A.R. 15. On May 23, 2006, an Administrative Law Judge ("ALJ") conducted a hearing, at which the claimant, a medical expert, and a vocational expert testified. A.R. 24-59. On September 27, 2006, the ALJ issued a decision denying benefits. A.R. 15-23. On March 29, 2007, the Appeals Council denied Frasco's request for review. A.R. 5-7.

This lawsuit followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///
///

# III.

# DISCUSSION

## A. Pertinent Legal Standards

### 1. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Frasco had the following severe impairments: morbid obesity with low back pain, treated sleep apnea, and treated hypertension. A.R. 17. Frasco had the residual functional capacity "to lift and/or carry 10 pounds frequently and 20 pounds occasionally. Out of an 8-hour workday, the claimant is able to stand and/or walk for 2 hours with normal breaks and sit for 2/3 to 3/4 of the time with normal breaks and with stretching one or two minutes an hour. He must be able to lie down during lunch break and he would not miss work more than once a month. The claimant is able to occasionally stoop and bend and he is able to climb stairs but he is precluded from climbing ladders, work at heights, or balance. His work environment should be air conditioned" A.R. 17. Based on his residual functional capacity, the ALJ found that Frasco could perform his past relevant work as an insurance agent. A.R. 23.

## C. Opinion of Treating Physician

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not

3

reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and internal quotation marks omitted).

Frasco argues that the ALJ did not properly consider the opinion of his treating physician Dr. Raymond Wong. More specifically, Frasco argues that the ALJ should have accepted the functional limitations described by Dr. Wong, which were more restrictive than those adopted by the ALJ. On December 2, 2004, Dr. Wong completed a multiple impairment questionnaire. A.R. 210-216. He diagnosed Frasco with back pain, chronic lower extremity pain, and sleep apnea. A.R. 210. The clinical findings that supported the diagnoses were "tenderness on mid-back palpation and fist percussion" and varicosities on lower legs. Dr. Wong found that Frasco could sit 2 hours and stand/walk 1 hour in an 8-hour day; he must stand every 30 minutes and not sit again for 15 minutes; he can occasionally lift 10-20 pounds, frequently lift up to 5 pounds; he is moderately limited in grasping, turning, twisting objects; moderately limited in using fingers/hands for fine manipulations; moderately limited using his arms for reaching; and he would miss work more than three times a month (because of respiratory infections). A.R. 212-215.

The ALJ reviewed the medical records of Dr. Wong beginning when he first saw Frasco on June 21, 2004. A.R. 18, 210, 203. After the first visit, Dr. Wong did not report any back pain; in fact, he reported no pain at all. A.R. 203. On October 1, 2004, Dr. Wong reported significant pain across Frasco's upper chest ("muscle chest pains" without explanation as to the cause). A.R. 202. Frasco told Dr. Wong he had "been doing fairly well." Again, Dr. Wong did not report any back pain. *Id.* Dr. Wong next saw Frasco on December 2, 2004, the same day as Dr. Wong completed the questionnaire (Frasco told Dr. Wong he was applying

4

for disability benefits). A.R. 201. Dr. Wong again reported no pain. Frasco told Wong that he was "[u]nable to tolerate prolonged sitting or walking" and that "[w]hile driving he experiences numbness and tingling in legs," especially in the right leg. *Id.* Frasco also told Dr. Wong that he had back pain, as well as pain and stiffness in his ankles, heels, and feet. *Id.* Dr. Wong did not examine Frasco "except for tenderness elicited on back, legs with palpation." *Id.* The next two times Dr. Wong saw Frasco (March 10, 2005 and June 23, 2005), he did not report any back pain. A.R. 257, 256. Dr. Wong saw Frasco again on December 15, 2005. A.R. 255. Frasco told Dr. Wong that he had back discomfort from "DJD." Dr. Wong advised him to consider an MRI. A.R. 255.

Contrary to Frasco's assertion, the ALJ rejected Dr. Wong's restrictions of Frasco's ability to work for "specific and legitimate reasons supported by substantial evidence in the record." There was no evidence supporting Dr. Wong's conclusion that Frasco was moderately limited in gross and fine hand manipulations. A.R. 19. There was no support for the environmental restrictions imposed by Dr. Wong other than his assertion that Frasco had frequent respiratory infections, but there was no medical evidence of such infections. *Id.* Nor was there any evidence supporting Dr. Wong's forecast that Frasco would miss more than three days a month from work. *Id.* Although Dr. Wong completed the questionnaire, his examination of Frasco was limited only to "tenderness elicited on back, legs with palpation." A.R. 201, 18. The ALJ noted that Dr. Wong's conclusions were largely based on Frasco's "own complaints and account of his symptoms and limitations" rather than "clinical or objective evidence." A.R. 18. A treating physician's opinion may be rejected when it is not supported by the physician's own treatment records. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ may reject treating physician opinion that is brief, conclusory and unsupported by clinical findings); *Connett v. Barnhart*, 340 F.3d 871, 874-75 (9th Cir. 2003).

Frasco also argues that Dr. Wong's findings in December 2004 were supported by later findings in May of 2006 when Dr. Rohini Patel examined Frasco and reviewed lumbar, spine, and hip x-rays. JS 10; A.R. 274-76. On examination, Dr. Patel found Frasco to be "in no apparent distress." A.R. 275. He also found that the flexion and extension of his lumbar spine to be normal, although he noted tenderness "over the right quadratus lumborum[1] paraspinal,[2] sacroiliac joints and right trochanter."[3] *Id*. Dr. Patel found Frasco's hip range of motion normal. A.R. 276. The x-rays showed "scoliosis[4] in the thoracolumbar spine, severe osteoporosis, no spondylosisthesis, mild degenerative changes in the hip joints[,] [d]egenerative disk disease in the upper lumbar and lower thoracic spine with mild elevating of the vertebrae in the thoracic spine." *Id*. Dr. Patel's impression was "[c]hronic intermittent lower back, secondary to lumbar spondylosis[5] and scoliosis." *Id*. He recommended a heat patch and continued medication. *Id*.

In his review of Dr. Patel's records, the ALJ noted that despite some of Dr. Patel's findings, "there was normal range of flexion and extension of the lumbar

---

[1] The quadratus lumborum is a "flat muscle of posterior abdominal wall." Stedman's Medical Dictionary (available at http://activate.lww.com/semdweb/internetsomd/ASP/1541123.asp).

[2] Paraspinal means "adjacent to the spinal column." Merriam-Webster's Medical Dictionary (available at http://medical.merriam-webster.com/medical/paraspinal).

[3] The trochanter is a "bony prominence[] . . . near the upper extremity of the femur." Stedman's Medical Dictionary (available at http://activate.lww.com/semdweb/internetsomd/ASP/1576711.asp).

[4] Scoliosis is an "[a]bnormal lateral and rotational curvature of the vertebral column." Stedman's Medical Dictionary (available at http://activate.lww.com/semdweb/internetsomd/ASP/1563630.asp).

[5] Spondylosis is "ankylosis of the vertebra." Stedman's Medical Dictionary (available at http://www.stedmans.com/section.cfm/45). Ankylosis is "immobility and consolidation of a joint due to disease, injury, or surgical procedure." Dorland's Medical Dictionary (available at http://www.mercksource.com/pp/us/cns/cns_hl_dorlands_split.jsp?pg=/ppdocs/us/common/dorlands/dorland/one/000005500.htm).

spine with some tenderness and straight leg raise was negative. Neurological examination was normal and normal hip range of motion." A.R. 20. Although Frasco argues that the ALJ's stated reasons for discounting Dr. Wong's limitations are "not legitimate," he does not explain how, other than to conclusorily assert Dr. Patel's findings of spondylosis and scoliosis.   However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (citation omitted). In addition, a claimant must show that he is precluded from engaging in substantial gainful activity by reason of his impairments. *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). Frasco's argument that the existence of these impairments "could reasonably lead to the functional limitations assessed by Dr. Wong" (JS 10) is speculative.

Because the ALJ laid out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings," his rejection of Dr. Wong's physical limitations was supported by substantial evidence in the record and was without legal error. *Orn*, 495 F.3d at 632.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the Commissioner's decision is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 15, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

7